IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 1:12-38-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| BRANDON SWEARINGER | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion (ECF No. 57) and
supplemental motion (ECF No. 71) for compassionate release pursuant to the First Step Act
of 2018 and 18 U.S.C. § 3582(c)(1)(A). The defendant seeks a reduction in his sentence due
to intervening changes in the law and Sentencing Guidelines relating to 21 U.S.C. § 841 and
the resulting disparity that he believes has made his sentence unusually long. He also
contends that he is at an increased risk of severe illness from COVID-19.

The government has responded in opposition (ECF No. 75) asserting that the
defendant has not shown extraordinary and compelling reasons for a reduction and that the
Sentencing Commission exceeded its authority in creating U.S.S.G. § 1B1.13(b)(6). The
government also suggests that the § 3553(a) factors heavily counsel against a reduction. The
defendant did not reply to the government's response and this matter is now ripe for review.

STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C.
§ 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as
amended by the First Step Act. To grant a compassionate release motion under
§ 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v.*

*Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, a newly amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release.

Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

Most relevant here, subsection (b)(6) of the policy statement addresses the circumstances in which a sentencing disparity can constitute an extraordinary and compelling reason for relief. Specifically, U.S.S.G. § 1B1.13(b)(6) declares that if a defendant received

2

an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In addition, § 1B1.13(c) sets out limitations on changes in the law: Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

The court notes that the defendant has served approximately 14 years of his 20 year sentence, thus he meets the 10-year threshold for consideration of release under U.S.S.G. § 1B1.13(b)(6).

### Exhaustion of Remedies

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on

his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government concedes the defendant has exhausted his administrative remedy with the BOP, thus this court will proceed to review the matters on the merits.

PROCEDURAL HISTORY

In January 2012, the defendant was charged in an Indictment with the following:

Count 1:     Conspiracy to possess with intent to distribute and to distribute 280 grams or more of crack cocaine 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851; and

Count 2, 3:     Possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

The government filed an Information pursuant to 21 U.S.C. § 851 (ECF No. 24) notifying the defendant that he was subject to increased penalties, as provided by 21 U.S.C. §§ 841 and 846, based on two prior felony drug convictions.[1]

The defendant pleaded guilty to Count 1 pursuant to a written Plea Agreement (ECF No. 33) wherein he stipulated that he had two prior felony drug convictions that had

---

[1] The two prior felony drug convictions were: (1) possession of cocaine 2nd offense on 12/31/2005 (Aiken County General Sessions Number 2006-GS-02-816), sentenced to 5 years on 5/22/2006; and (2) possession with intent to distribute marijuana and PWID marijuana within proximity of a park on 6/13/2005 (Aiken County General Sessions Numbers 2005-GS-02-1837/1838), sentenced 11/15/2005 to 5 years suspended with probation for 3 years on PWID Marijuana and 3 years suspended with probation for 3 years concurrent on PWID marijuana within proximity of a park.

become final and agreed not to contest the § 851 Information. The government moved to dismiss the remaining charges after sentencing and dismiss one of the § 851 enhancements, thus reducing the mandatory minimum sentence from life to 240 months.

A Presentence Report (PSR) (ECF No. 41) was prepared by the U.S. Probation Office using the 2008 Guidelines Manual. The defendant's base offense level was 38 based on the 19.6 kilograms of crack cocaine attributable to him. He received a 2 level increase due to his use of a firearm, for an adjusted offense level of 40. The defendant received a 3 level reduction for acceptance of responsibility, resulting in a total offense level of 37.

The defendant earned 8 criminal history points and then 2 "status points" were added under U.S.S.G. § 4A1.1(d) for a total of 10 points. This resulted in a criminal history category of V. With a total offense level of 37 and history category V, the defendant's Guidelines range was 324 to 405 months.

At sentencing, the government withdrew one of the two § 851 enhancements. This had the effect of reducing the defendant's mandatory minimum from life to 240 months.

On May 31, 2012, then-United States District Judge Margaret B. Seymour sentenced the defendant to 240 months imprisonment (the mandatory minimum sentence) along with a 10-year term of supervision.[2] The defendant has received credit for time served since

---

[2] The docket sheet reflects that at sentencing, defense counsel made an oral motion to depart from the Guidelines which Judge Seymour granted. There is no transcript from the hearing and the Statement of Reasons notes that the sentence was outside of the advisory guideline system on a defense motion to which the government did not object. In particular, the court stated it granted a variance based upon the sentencing disparity between powder cocaine and crack cocaine and used a 1:1 ratio.

January 29, 2012, and his projected release date from the Bureau of Prisons is September 2029. He is presently 39 years old and is housed at Butner Low Federal Correctional Institution.

The defendant did not file an appeal of his conviction or sentence, nor did he challenge his conviction in a petition under 28 U.S.C. § 2255.

On October 2, 2015, the U.S. Probation Office prepared a Sentence Reduction Report (SRR) (ECF No. 49) in light of U.S.S.G. Amendment 782. Judge Seymour denied the defendant's motion for a reduction in his sentence made under 18 U.S.C. § 3582(c)(2) because the defendant had already received the benefit of a 1:1 ratio at his original sentencing.

On November 7, 2024, the undersigned entered an order (ECF No. 76, 77) denying the defendant's § 3582(c)(2) motion for a sentence reduction made in light of retroactive Amendment 821 (U.S.S.G. § 4A1.1(e), Nov. 2023). This court found that Amendment 821 did not have the effect of lowering the defendant's applicable Guideline range under § 1B1.10(a)(2)(B) and because the proposed amended Guideline range was the same as his current sentence.[3]

---

[3] In the Sentence Reduction Report (SRR) (ECF No. 64) prepared by the USPO on May 23, 2024, the defendant's total offense level would be 35 (down from 37) as a result of the retroactive application of Amendment 782. Also, because of Amendment 821, the defendant's criminal history points would decrease from 10 to 9, and his criminal history category would be reduced from V to IV. The previous guideline range of 324 to 405 months would be reduced to 240 to 293 months. Absent the mandatory minimum sentence of 20 years required by statute, the sentence would be 235 to 293 months. The defendant's current sentence is 240 months. The government argues in its brief that the court should not consider whether to reduce the defendant's sentence under Amendment 821 at this time, and that if it does consider the Amendment, it should be denied based on the defendant's

DISCUSSION

As an initial matter, the government contends that the defendant's motion for compassionate release should be denied because the Sentencing Commission exceeded its authority in enacting U.S.S.G. § 1B1.13(b)(6) and, therefore, it cannot form a valid basis for granting compassionate release.

In considering the government's arguments that U.S.S.G. § 1B1.13(b)(6) is an invalid basis for compassionate release, this court follows the lead of other courts in this Circuit, which have addressed similar arguments. *See United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *5 (E.D. Va. Feb. 13, 2025); *United States v. Fields*, No. 5:12-CR-00002, 2024 WL 4520353, at *6–*7 (W.D. Va. Oct. 17, 2024). These courts found that the enactment of the Policy Statement, including § 1B1.13(b)(6), are in line with prior Fourth Circuit precedent. *See Spencer*, 2025 WL 572398 (citing *United States v. McCoy*, 981 F.3d 271, 286–87 (4th Cir. 2020); *United States v. Davis*, 99 F.4th 647, 658 (4th Cir. 2024)); *Fields*, 2024 WL 4520353, at *6–*7 (citing *Davis*, 99 F.4th at 654). The court in *Fields* further explained that Congress presumably reviewed § 1B1.13(b)(6) and (c) during the 180-day period the revised guidelines were under review and took no action. 2024 WL 4520353 at *8. Moreover, Congress retains the authority to take action using its authority to override § 1B1.13(b)(6) and (c) if it believes it runs afoul of the doctrine of the separation of powers and has chosen not to do so. *Id.*

---

§ 3553(a) factors. The government's brief was prepared before this court denied the defendant's Amendment 821 motion in a separate order filed on November 7, 2024.

This court likewise finds § 1B1.13(b)(6) and (c) are consistent with the pertinent provisions of existing Federal statutes and thus form a valid basis for seeking compassionate release at this time. Thus, the court will proceed to analyze defendant's motion on the merits.

## I. Changes in the Law and Guidelines

In his motion for compassionate release, the defendant contends that the law and sentencing guidelines have significantly changed since he was sentenced in 2012. He suggests that without the § 851 enhancement, his Guideline range would have been 151 to 188 months. The defendant's erroneous calculation is based on his theory that he would have a total offense level of 31 and a criminal history category of IV if sentenced today. He asks this court to reduce his 240-month sentence to time served and/or 180 months (15 years).

The defendant's argument is based on two changes to 21 U.S.C. § 841(b)(1)(A) which occurred as part of the First Step Act (FSA). He asserts that before the FSA, if a person violated § 841(b)(1)(A) after a prior conviction for a felony drug offense that had become final, such person shall be sentenced to a term which may not be less than 20 years. The defendant asserts that after the FSA, if a person violates that statute after a prior conviction for a "serious drug felony or serious violent felony," such person shall be sentenced to a term of imprisonment of not less than 15 years. So, he argues, the FSA reduced the mandatory minimum sentence under § 841(b)(1)(A) from 20 years to 15 years, with one prior serious drug felony.

The defendant also argues that the FSA changed the triggering predicate crime from a "felony drug offense" to a "serious drug offense." He argues that his prior convictions

were not trafficking offenses and so they do not qualify as a serious drug offense.

The defendant acknowledges that at the time of his sentencing, Judge Seymour's sentence of 240 months was the statutory mandatory minimum and the least he could have received. He believes that under the FSA changes, his statutory mandatory minimum would now be 15 years if sentenced today. And, without any prior § 851 convictions, he would be sentenced today to 10 years.

Finally, the defendant argues that as a result of the FSA changes, his current 20 year sentence (and the 15 year mandatory minimum sentence he claims he should now be sentenced to) have produced a gross disparity such that an extraordinary and compelling reason exists for granting compassionate release.

In 2012 when the defendant was sentenced, 21 U.S.C. § 841(b)(1)(A) provided for a 15-year mandatory minimum sentence based on the drug quantities the defendant was held accountable for. If a defendant had a prior conviction for a felony drug offense, then the 15-year mandatory minimum sentence was increased to 20 years. Under current law, in order to trigger the increased mandatory minimum sentence under § 841(b)(1)(A), a defendant must have a prior conviction for a "serious drug felony." And, in order to qualify as a "serious drug felony," a defendant must have served a term of imprisonment of more than 12 months for the prior offense. [4]

---

[4] A "serious drug felony" is defined as an offense: (A) involving manufacturing or distribution (or intent to do either) of a federally controlled substance in violation of state or federal law for which the maximum sentence is at least ten years; (B) for which the defendant served more than 12 months of imprisonment; and (C) for which the defendant was released "from any term of imprisonment . . . within 15 years of the commencement of the instant offense."

The government points out that the defendant's prior state conviction for PWITD marijuana near a park still qualifies as an § 851 predicate as it carries a maximum sentence of at least 10 years and the defendant served an active prison sentence of over 12 months, and he was released in the last 15 years. Therefore, this conviction qualifies as a "serious drug felony."

Even without an § 851 enhancement, the government contends that the defendant's drug weight base offense level could have remained at 38 and would still place him within a Guideline range of 292 to 365 months. This calculation assumes that the defendant remains in the criminal history category of V and without retroactive application of Amendment 782. Swearinger has argued that he is entitled to a reduction pursuant to Amendment. The government also argues there is no disparity in his sentence, much less a gross disparity.

As noted in the SRR (ECF No. 64), if this court were to give the defendant the benefit of every applicable change in the law (including changes in the Guidelines), he would have a total offense level of 35[5] and a criminal history category of IV,[6] which produces a Guideline range of 235–293 months. Because this range exceeds the 15 year mandatory minimum (180 months) that defendant contends is now applicable, the Guideline range of

---

[5] U.S.S.G. Amendment 782 became effective on November 1, 2014. It reduced by two levels the offense levels assigned to drug quantities. The Commission later voted to make this amendment retroactive.

[6] U.S.S.G. Amendment 821 became effective on November 1, 2023. Part A reduced the additional criminal history points (status points) that were previously added for defendants who committed an offense while under a criminal justice sentence. Part B established a new guideline for defendants who had no criminal history points at the time of sentence and whose offense conduct does not involve certain aggravating factors.

235–293 supersedes the lower 15-year mandatory minimum. Because the defendant's current sentence of 240 months is well within the Guidelines applicable under today's laws, the defendant has failed to show his sentence is unusually long or grossly disproportionate to the sentence likely to be imposed today. Thus, the defendant has failed to present an extraordinary and compelling reason to justify any relief.

## II. *Harsh Prison Conditions and Risk of COVID-19*

The defendant also claims he faces a high risk of severe re-infection and/or death from COVID-19 in regard to his gender (male) and race (African American) and the harshness of his continued incarceration. The defendant refused a vaccination in 2021 and contracted COVID in 2022 and appears to have recovered without incident.

The threshold question is whether the defendant has a particularized risk of contracting COVID in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See United States v. Youngblood*, No. 20-7836, 2021 WL 4167105, at *2 (4th Cir. Sept. 14, 2021) (citing *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)).

The defendant does not list any particular medical condition from which he is suffering. The court will note that on May 11, 2023, the United States Department of Health and Human Services ended the federal Public Health Emergency for COVID-19. The public health emergency prong in U.S.S.G. § 1B1.13 requires that the emergency be declared by an appropriate governmental authority. As of the date of this order, there is no new declared emergency involving the BOP or the public in general.

11

The defendant has failed to demonstrate how these claimed harsh conditions of confinement are unique to his case and thus he has failed to establish an extraordinary and compelling reason for compassionate release on this claim. Likewise, the defendant has failed to carry his burden to show that his non-existent medical conditions are an extraordinary and compelling factor. These claims are without merit.

## CONCLUSION

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for release under § 3582(c)(1)(A). Accordingly, the defendant's motions (ECF Nos. 57, 71) are respectfully denied.

IT IS SO ORDERED.

July 18, 2025                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge